UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE COX, JR., | No. 2:18-cv-2523 DB P |
| Plaintiff, | |
| v. | ORDER |
| JOHN KRPIN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (ECF Nos. 1, 2, 5, 7). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, plaintiff's application to proceed in forma pauperis, filed September 17, 2018 (ECF No. 2), shall be denied as incomplete. Plaintiff's application to proceed in forma pauperis, filed November 13, 2018 (ECF No. 7), shall be granted. In addition, plaintiff shall be permitted either to amend the complaint within the limitations stated herein or to voluntarily dismiss the non-cognizable claims and proceed only on the remaining cognizable one.

**I.  IN FORMA PAUPERIS APPLICATION**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (See ECF Nos. 5, 7). Accordingly, this request to proceed in forma pauperis will be

1

granted. Plaintiff's earlier filed in forma pauperis application, which was incomplete (see ECF No. 2), will be denied as such.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. PLEADING STANDARD

#### A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

#### B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between

the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

Liability may be imposed on supervisory defendants under Section 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. Taylor, 880 F.2d at 1045. A sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation permits supervisorial liability. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (citing Thompkins v. Bell, 828 F.2d 298, 303-304 (5th Cir. 1987)). Defendants cannot be held liable for being generally deficient in their supervisory duties.

## IV. PLAINTIFF'S COMPLAINT

### A. Plaintiff's Claims

Plaintiff, an inmate at Mule Creek State Prison ("MCSP"), alleges that between November 2018 and July 2019[1] defendant John Krpin, a physician at MCSP, and defendant officers at MCSP violated his Eighth and Fourteenth amendment rights when they took away his lower bunk accommodation, despite the fact that it has been documented that he is a sleepwalker, that he suffers from osteoarthritis and degenerative disc disease, and that he has been prescribed a CPAP machine for use while sleeping. (See ECF No. 1 at 1, 4-10).

---

[1] Although plaintiff writes that "from November 21, 2018 until July 21, *2018*, [I] was injured by Defendants Doctor John Krpin and officers at Mule Creek State Prison," (see ECF No. 1 at 1 (brackets added)), the court presumes plaintiff intended to write "July 21, *2019*." If this is not the case, plaintiff shall inform the court of the correct dates immediately.

4

### 1. Defendant Krpin

With respect to defendant Krpin, plaintiff alleges that when he removed plaintiff's lower bunk designation prior to contacting plaintiff or reviewing plaintiff's medical file, defendant Krpin: (1) violated plaintiff's due process rights; (2) was deliberately indifferent to plaintiff's serious medical and mental health needs, and (3) inflicted cruel and unusual punishment on him. (See ECF No. 1 at 11-12). He claims that as a result of being deprived of his lower bunk designation by defendants during this eight-month period, he experienced physical pain and suffered from extreme stress and anxiety. (See id. at 8-12).

### 2. Defendant Employees at MCSP

With respect to the defendant employees at MCSP, plaintiff alleges that "Defendant Mule Creek State Prison, its several Wardens, Captains and Yard & Security and Escort Officers [sic]" ("defendant employees at MCSP") have a policy of observing inmates with medical disabilities in order to determine which ones they believe are malingering and then providing their opinions and recommendations to inmates' primary care physicians so that their accommodations can be removed. (See ECF No. 1 at 2-3) (brackets added). He contends that defendant employees at MCSP told defendant Krpin that because plaintiff exercised daily, he was able to climb up to an upper bunk. (See id. at 8-9).

Plaintiff asserts that this policy of defendant employees at MCSP is what led defendant Krpin to remove plaintiff's lower bunk accommodation, which ultimately led to plaintiff's harm. (See ECF No. 1 at 2). He argues that the policy violates his rights to due process. He also argues that the actions of defendant officers at MCSP constituted cruel and unusual punishment and deliberate indifference to his medical and mental health conditions. (See id. at 11-12). He sues defendant employees at MCSP "under a Policy [sic] theory due to the Wardens and Captains [sic] knowledge of the Officers' [sic] actions." (Id. at 3) (brackets added).

### B. Relief Sought

Plaintiff seeks compensatory and punitive damages. (See ECF No. 1 at 13). He also seeks appointment of counsel should this matter go to trial. (See id. at 13). Finally, plaintiff requests that the state pay for his cancer medication until his death. (See id. at 13).

## V. APPLICABLE LAW

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). This second prong... "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

Whether a defendant had requisite knowledge of a substantial risk of harm is a question of fact. Farmer, 511 U.S. at 842. Thus, liability may be avoided by presenting evidence that the defendant lacked knowledge of the risk and/or that his response was reasonable in light of all the circumstances. See Farmer, 511 U.S. at 844-45; see also Simmons v. Navajo County Ariz. 609 F.3d 1011, 1017-18 (9th Cir. 2010) (requiring official be subjectively aware of serious medical need and fail to adequately respond to need to establish deliberate indifference).

The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. See id. at 835.

////

////

## VI. DISCUSSION

### A. Defendant Krpin

#### 1. Deliberate Indifference

##### a. Relevant Facts

Plaintiff alleges that prior to meeting plaintiff or reviewing his medical file, defendant Krpin simply took the word of MCSP prison officials and decided that plaintiff no longer qualified for a lower bunk accommodation. (See ECF No. 1 at 8-9). The accommodation was taken from plaintiff in October 2017.[2] (See id. at 8). Prior to this happening, plaintiff states he had neither heard of nor met defendant Krpin. (See id. at 9). According to plaintiff, the change was done despite the clear documentation of his long-term sleepwalking ailment and his chronic degenerative disc, osteoarthritis and sleep apnea problems.[3] (See generally id. at 4-7). Plaintiff further contends that as a result of being deprived of his lower bunk accommodation for eight months, he had knee, foot, neck and lower back pain from climbing up to his upper bunk. In addition, plaintiff asserts that as a mental health patient, he suffered from extreme stress and anxiety because he was unable to use his breathing machine and because he feared falling from the upper bunk during a sleepwalking episode. (See id. at 11).

##### b. Analysis

Plaintiff has stated a cognizable claim of deliberate indifference to serious medical needs against defendant Krpin. Defendant Krpin's alleged rescission of plaintiff's lower bunk designation which purportedly resulted in plaintiff being left in pain, with anxiety and an inability to properly breathe when sleeping at night, constitutes, on its face, a denial of the minimal civilized measure of life's necessities. Farmer, 511 U.S. at 834; see also Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (defining "serious medical need" as one that a reasonable doctor would find important and worthy of comment or treatment).

---

[2] Plaintiff states that his lower bunk designation was returned to him eight months later. (See ECF No. 1 at 10).

[3] Plaintiff states that the discovered breathing problems he has during sleep required him to use a CPAP machine. (See ECF No. 1 at 9). He states that at MCSP, the use of a CPAP machine also requires a lower bunk accommodation. (See id. at 9).

7

Moreover, the fact that defendant Krpin's decision to take away plaintiff's lower bunk designation without either first reviewing plaintiff's medical records or speaking with plaintiff directly, if true, would constitute a failure to respond to plaintiff's medical need on the part of defendant Krpin within the meaning of the Eighth Amendment.

For these reasons, plaintiff has stated a cognizable claim against defendant Krpin.[4]

### 2. Due Process

To the extent plaintiff generally asserts that he had a right to due process prior to his lower bunk accommodation being taken away from him by defendant Krpin (see generally ECF No. 1 at 11-12), it is well-settled that disability related claims[5] are not actionable under a Section 1983 cause of action. See generally O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007) (stating district court errs when it characterizes Americans with Disabilities Act ("ADA") violation as Section 1983 claim); see also Bogovich v. Sandoval, 189 F.3d 999, 1001 (9th Cir. 1999) (stating court's obligation to liberally construe pro se complaints should not lead court to infer in one cause of action when complaint clearly states claim under different cause of action).

Furthermore, even if plaintiff did not intend to raise an ADA claim and is simply arguing that defendants violated state policy in violation of his due process rights, a state's violation of its own laws does not create a cognizable federal claim. See Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (citation omitted) (stating no Section 1983 liability for violation prison policy). Moreover, a litigant may not transform a state law issue into a federal one by asserting a violation of due process. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). As a result,

---

[4] With respect to plaintiff's cruel and unusual punishment claim against defendant Krpin (see ECF No. 1 at 11), because the Eighth Amendment's proscription of cruel and unusual punishment is violated by deliberate indifference to serious medical needs of prisoners (see City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 243-44 (1983) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976))) and the court has determined that plaintiff has raised a cognizable claim of deliberate indifference to serious medical needs against defendant Krpin, it does not address this claim herein.

[5] Plaintiff states that he has a sleep disorder that requires him to be assigned to a lower bunk. (See ECF No. 1 at 8-9). The court presumes the sleep disorder is a disability within the meaning of the Americans with Disabilities Act ("ADA") and analyzes plaintiff's due process claims accordingly. If plaintiff's sleep disorder is not considered an ADA disability, plaintiff shall inform the court in any amended complaint he may file.

1 | this due process claim fails to state a claim upon which relief may be granted, and nothing can be
2 | done to remedy its deficiencies.

Therefore, plaintiff will not be permitted to amend this claim.[6] See generally Watison v. Carter, 668 F.3d 1108, 1117 (9th Cir. 2012) (citing Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) (stating court should grant leave to amend unless pleading cannot be cured by allegation of other facts)).

### B. Defendant Employees at MCSP

#### 1. Deliberate Indifference

Plaintiff has not stated cognizable Eighth Amendment claims against defendant employees at MCSP for several reasons. With respect to plaintiff's deliberate indifference claim, there is no stated link between specific defendants and each one's specific actions that led to plaintiff's specific harm. See Ortez, 88 F.3d at 809; see also Taylor, 880 F.2d at 1045. Furthermore, even if plaintiff could state that "defendant X" told defendant Krpin that he saw plaintiff doing a specific physical activity and that as a result, defendant X recommended the removal of plaintiff's lower bunk accommodation, such actions do not rise to the level of sufficiently active involvement in the deprivation of plaintiff's rights. According to plaintiff, defendant employees at MCSP simply reported what they saw and made recommendations to defendant Krpin. (See ECF No. 11-12). They do not appear to have been responsible for or to have had any control over the allegedly problematic bunk reassignment that followed.

For these reasons, plaintiff's deliberate indifference claims against defendant employees at MCSP are not cognizable as currently presented. Plaintiff will, however, be given the opportunity to amend this claim should he so choose.

#### 2. Cruel and Usual Punishment

As for plaintiff's assertion that defendant employees at MCSP violated his Eighth Amendment right to be free from cruel and unusual punishment (see ECF No. 1 at 11-12), this

---

[6] To the extent that plaintiff makes a claim that defendant employees at MCSP also violated his rights to due process under the Fourteenth Amendment (see ECF No. 1 at 11-12), the same analysis applies.

9

claim also fails. This is because conduct that does not purport to be actual punishment must involve more than ordinary lack of due care for plaintiff's interests or safety to state a viable cruel and unusual punishment claim. See Whitley v. Albers, 475 U.S. 312, 319 (1986).

As stated earlier, according to plaintiff, defendant employees at MCSP simply told defendant Krpin about plaintiff's daily activities and provided their opinions that in light of them, plaintiff should no longer be given a lower bunk. (See ECF No. 1 at 11-12). Defendants' alleged statements to defendant Krpin about the activities in which they observed plaintiff participate are not punishment, and they hardly constitute more than ordinary lack of due care.

Consequently, this cruel and unusual punishment claim fails to state a claim upon which relief can be granted. Given these facts, no amendment can cure the deficiencies in this claim. Therefore, plaintiff will not be permitted to amend it, either. See Watison, 668 F.3d at 1117.

## VII. OPTIONAL LEAVE TO AMEND

Plaintiff is being given the opportunity to amend the complaint. If plaintiff chooses to file an amended complaint, it will take the place of the original complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original). Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis filed September 17, 2018 (ECF No. 2) is DENIED as incomplete;

2. Plaintiff's motion to proceed in forma pauperis filed November 13, 2018 (ECF No. 7) is GRANTED, and

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

IT IS FURTHER ORDERED that within sixty days of the date of this order, plaintiff shall either:

1. File an amended complaint, or

2. Inform the court in writing that:

   a. He wishes to proceed only on the deliberate indifference claim against defendant Krpin, and

   b. He voluntarily dismisses any and all other defendants and claims in this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Failure to take one of these courses of action within the time allotted may result in the dismissal of this action for failure to prosecute and/or failure to obey a court order. See Fed. R. Civ. P. 41(b); see also L.R. 110.

Dated: April 13, 2020

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/cox2523.scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

11