1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ERNEST LEE COX, Jr.,                       No.  2:18-cv-02523 TLN DB

12                Plaintiff,

13         v.                                     FINDINGS AND RECOMMENDATIONS

14    JOHN KRPIN,

15                Defendant.

16

17         Plaintiff, Ernest Lee Cox, Jr., is a state prisoner proceeding pro se and in forma pauperis

18   in an action brought under 42 U.S.C. § 1983.  The action proceeds on plaintiff's complaint, as

19   screened by the court, filed September 17, 2018.  (ECF No. 1.)  Plaintiff asserts a claim under the

20   Eighth Amendment for deliberate indifference to medical needs.

21         Before the court is defendant's motion to dismiss, which argues that plaintiff failed to

22   allege sufficient facts to state a cognizable Eight Amendment claim. (ECF No. 29) Defendant

23   claims plaintiff has not alleged facts which showed that defendant was aware of plaintiff's serious

24   medical needs, that a serious medical need existed, and that defendant's actions were the cause of

25   the harm the plaintiff suffered.  (Id.)  For the foregoing reasons, the court will recommend that

26   defendant's motion to dismiss be granted in part and denied in part. The undersigned will further

27   recommend that plaintiff be given the option of either proceeding on the portion of complaint not

28   dismissed or being given leave to file an amended complaint.

1

1

**BACKGROUND**

2

    **I.**       **Procedural Background**

3

      Plaintiff is a state prison inmate currently housed at Mule Creek State Prison (MCSP).

4

(ECF No. 8.)  At all relevant times, the plaintiff was an inmate at MCSP.  Plaintiff filed this

5

action pursuant to 42 U.S.C § 1983 on September 17, 2018.  (ECF No. 1.)  Following the

6

screening process, plaintiff voluntarily dismissed all other defendants and claims from the initial

7

complaint and proceeded solely on his claim of deliberate indifference against defendant, John

8

Krpan, M.D.[1]  (ECF No. 10.)  In his complaint, the plaintiff alleges that Dr. Krpan improperly

9

revoked plaintiff's lower-bunk designation chrono without reviewing his medical file or meeting

10

with him, causing him to suffer pain due to his arthritis and degenerative disk disease. Plaintiff

11

also asserts he suffered from stress and anxiety due to the risk of potential injury resulting from

12

his chronic sleepwalking and from his inability to use his Continuous Positive Airway Pressure

13

(CPAP) machine. (ECF No. 1 at 10-11.)

14

      The court, finding that the complaint presented a cognizable claim, ordered service

15

appropriate on Dr. Krpan.  (ECF No. 14.)  On November 3, 2020, Dr. Krpan filed a motion to

16

dismiss.  (ECF No. 29.)  Plaintiff filed an opposition to the motion to dismiss on November 16,

17

2020.  (ECF No. 30.)  Dr. Krpan filed a reply to plaintiff's opposition to the motion to dismiss on

18

November 18, 2020.  (ECF No. 31.)

19

    **II.**      **Factual Allegations**

20

      In his complaint, plaintiff alleged that at all relevant times he was incarcerated by the

21

California Department of Corrections and Rehabilitation (CDCR).  (ECF No. 1 at 2.)  He further

22

alleged that Dr. Krpan, as his primary physician at MCSP between October 2017 and February

23

2018, had the "…responsibility of providing plaintiff with adequate medical care…."  (Id.)

24

Between 2007 and 2013 (Id. at 5) and then again from 2014 to 2017 (Id. at 6-7), plaintiff's file

25

////

26

---

27

[1] The case caption, plaintiff's complaint, and all of plaintiff's filings spell defendant's last name
"Krpin."  (e.g., ECF. No. 1 at 1.)  However, defendant's motion to dismiss and reply both spell
defendant's last name "Krpan." (e.g. ECF No. 29 at 3.)  As such, the last name "Krpan" will be
used for the defendant throughout these findings and recommendations.

28

contained a medical chrono requiring that he be given lower bunk accommodations.  These accommodations were given due to plaintiff's chronic sleepwalking, arthritis, and degenerative disk disease.  (Id.)

Plaintiff claimed that his primary care physician renewed his lower bunk chrono to be valid until March 2018 before going on maternity leave in October 2017. (Id. at 7.)  While she was on leave, plaintiff's primary care physician was replaced by Dr. Krpan.  (Id. at 7.)  On October 12, 2017, plaintiff's lower bunk accommodation chrono was revoked.  (Id.)  Plaintiff alleged that the chrono was revoked by Dr. Krpan and that Dr. Krpan had not met with plaintiff and had failed to review his medical file prior to revoking the plaintiff's lower bunk accommodations.  (Id. at 8-9.)  Plaintiff further alleged that Dr. Krpan revoked the chrono based solely on the fact that MCSP staff informed Dr. Krpan that plaintiff exercises daily.  (Id. at 9.)

On November 21, 2017, plaintiff learned that his lower bunk accommodation chrono was revoked and plaintiff was subsequently moved to an upper bunk.  (Id. at 8.)  At some point after the chrono was revoked, plaintiff was diagnosed with sleep apnea and prescribed a CPAP machine.  (Id. at 9-10.)  Plaintiff was unable to use the CPAP machine as it could not reach plaintiff's upper bunk. (Id.)  At his request, plaintiff's CPAP machine was not modified with a longer tube to accommodate plaintiff's position in the upper bunk as he hoped his lower bunk accommodations would soon be reinstated.  (Id. at 10.)

During the period where plaintiff was placed in an upper bunk, he claimed to have experienced pain from his arthritis while climbing into and out of his bunk.  (Id. at 11.)  Additionally, plaintiff claimed to have experienced pain from to his degenerative disk disease due to needing pull himself across the bunk to adjust his position within it.  (Id.)  Plaintiff also claimed he suffered stress and anxiety due to being unable to use his CPAP machine while in the upper bunk and due to a fear of falling from the upper bunk as a result of his chronic sleepwalking.  (Id.)  Plaintiff's lower bunk accommodation chrono remained revoked until July 21, 2018. (Id. at 10.)  At that time the chrono was reinstated by his previous primary care physician who had returned from leave.  (Id.)  Plaintiff alleged Dr. Krpan demonstrated deliberate indifference to plaintiff's medical and mental health when he failed to examine plaintiff or review

1   his medical file prior to revoking his lower bunk accommodation chrono on October 12, 2017.

2   (Id. at 11.)  Plaintiff alleges this caused him to suffer unnecessary pain as well as stress and

3   anxiety.  (Id.)

4                              **STANDARD OF REVIEW**

5          Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for

6   "failure to state a claim upon which relief can be granted."  "To survive a motion to dismiss, a

7   complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

8   plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v.

9   Twombly, 550 U.S. 544, 570 (2007)).   "A claim has facial plausibility when the plaintiff pleads

10  factual content that allows the court to draw the reasonable inference that the defendant is liable

11  for the misconduct alleged."  Id.  The court must accept as true the allegations of the complaint,

12  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading

13  in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  A pro se

14  complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic

15  recitation of the elements of a cause of action, supported by mere conclusory statements."  Iqbal,

16  556 U.S. at 678.

17         A motion to dismiss for failure to state a claim should not be granted unless it appears

18  beyond doubt that the plaintiff can prove no set of facts in support of his claims which would

19  entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v.

20  Gibson, 355 U.S. 41, 45-46 (1957)).  Pro se pleadings are held to a less stringent standard than

21  those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium).  The court

22  must give a pro se litigant leave to amend his complaint "unless it determines that the pleading

23  could not possibly be cured by the allegation of other facts."  Lopez v. Smith, 203 F.3d 1122,

24  1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  However,

25  the court's liberal interpretation of a pro se complaint may not supply essential elements of the

26  claim that were not pled.  Ivey v. Bd. Of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir.

27  1982.  In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may 'generally

28  consider only allegations contained in the pleadings, exhibits attached to the complaint, and

matters properly subject to judicial notice.'"  Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citing Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)).

**ANALYSIS**

**I.       Eighth Amendment—Deliberate Indifference**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.   The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution.  Whitley v. Albers, 475 U.S. 312, 319 (1986).  "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."  Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotations and citations omitted).

A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).  First, a plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin, 974 F.2d at 1059).  Second, a plaintiff must show the defendant's response to the need was deliberately indifferent.  Id.  This can be established by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id.  The harm claimed by the plaintiff need not be substantial, though substantial harm can provide additional support to the plaintiff's claim. Id.

Inadvertent failure to provide adequate care or negligence in diagnosing or treating a medical condition is not sufficient to sustain an Eighth Amendment claim.  Estelle, 429 U.S. at 105.  A difference of medical opinion does not amount to deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (citing Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir. 1981)).  A prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  Estelle, 429 U.S. at 106.

////

5

Plaintiff alleged that Dr. Krpan revoked his lower bunk accommodation chrono on October 12, 2017 without meeting with him or reviewing his medical file.  Plaintiff claimed that, prior to its revocation, the chrono was renewed to be valid until March 2018.  However, Dr. Krpan contends that plaintiff's lower bunk designation expired on July 26, 2017 and was not renewed.  (ECF No. 29 at 3.) Plaintiff also alleged that Dr. Krpan revoked the chrono based solely on the representations by MCSP staff that plaintiff exercised daily.  Plaintiff states he was harmed by Dr. Krpan's failure to review his medical file or meet with him as he suffered daily pain from entering, exiting, and repositioning in his bunk due to his arthritis and degenerative disk disease. Plaintiff also claims he suffered stress and anxiety from the possibility of falling from the upper bunk due to his chronic sleepwalking and from his inability to use his CPAP machine. Dr. Krpan has asserted that the plaintiff's claims should be dismissed on several grounds.

**A. Existence of Serious Medical Needs**

Dr. Krpan asserts that plaintiff failed to allege facts which support a claim of serious medical need.  (ECF No. 29 at 8-9.)  Dr. Krpan claims that plaintiff's pain was only "temporary," associated with climbing up and down from the bunk and positioning within the bunk.  (Id.)  Dr. Krpan states that the such pain "does not implicate the sort of chronic or substantial pain that indicates a serious medical need."  (Id.)  However, as also cited in Dr. Krpan's motion, serious medical need includes, "…the presence of a medical condition that significantly affects an individual's daily activities…."  Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059–60 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

Entering and exiting ones' bed is undoubtedly a daily activity. Plaintiff's alleged pain would have a significant effect on this daily activity.  Thus, it is recommended that plaintiff has pled sufficient facts to establish the existence of a serious medical need.

////

////

////

////

6

**B.   Knowledge of Serious Medical Needs**

Dr. Krpan also claims that, under the facts alleged by the plaintiff, he would have no knowledge of the plaintiff's serious medical need.  (ECF No. 29 at 7.)  Dr. Krpan asserts he could only know of plaintiff's serious medical need if he had examined the plaintiff or reviewed his medical file.  (Id.)  Plaintiff has alleged Dr. Krpan did not meet with him or review his medical file.  (ECF No. 1 at 8-9.)  Given this, Dr. Krpan argues that, he did not have knowledge that a serious medical need existed.  (ECF No. 29 at 7.)

However, Dr. Krpan could still have known of a serious medical need existed without meeting plaintiff or reviewing his medical file.  Plaintiff has alleged there was a medical chrono in his file granting him lower bunk accommodations.  (Id. at 7.)  That chrono was allegedly longstanding (Id. at 5, 6-7) and recently renewed by plaintiff's primary care physician (Id. at 7).  Such a chrono would likely only be issued if there was a medical need for it.  If Dr. Krpan revoked the chrono, then he also must have known the chrono existed in the first place.  That plaintiff had a medical chrono for lower bunk accommodations would inform Dr. Krpan that plaintiff had serious medical needs.

As such, it is recommended that the plaintiff has alleged sufficient facts to establish that Dr. Krpan had knowledge of the plaintiff's serious medical needs.

**C.   Causation**

**1.   Plaintiff's Inability to Use His CPAP Machine**

Dr. Krpan states that plaintiff failed to allege facts which establish the necessary causation between Dr. Krpan's actions and plaintiff's alleged harm.  (ECF No. 29 at 9.)  Specifically, Dr. Krpan asserts that the plaintiff has not alleged sufficient facts to establish the necessary causation related to the plaintiff's inability to use his CPAP machine.  (Id.)  In support, Dr. Krpan points to the fact that the plaintiff stated in his complaint that he requested the CPAP machine not be retrofitted for use on the top bunk.  (Id. at 10.)

Plaintiff has stated that he voluntarily elected to not have his CPAP machine modified for use.  (ECF No. 1 at 10.)  Plaintiff has not alleged any facts suggesting that there was a period, prior to his rejection of the modification to his CPAP machine, where he was unable to use the

1    CPAP machine solely due to his upper bunk placement.  As such, the facts alleged by the plaintiff

2    do not establish the necessary causation between Dr. Krpan's actions and any harm resulting from

3    his inability to use his CPAP machine.  As stated in plaintiff's complaint, it was plaintiff's

4    decision to not have his CPAP machine retrofitted for use on the upper bunk.

5          Accordingly, it is recommended that plaintiff has not alleged sufficient facts to support

6    that it was Dr. Krpan's actions that caused any harm he suffered due to his inability to use his

7    CPAP machine.

8          **2.  Plaintiff's Risk of Falling Due to Chronic Sleepwalking**

9          Finally, Dr. Krpan also argues that the plaintiff has not alleged facts sufficient to establish

10    the required causation related to plaintiff's stress from the risk of falling due to his chronic

11    sleepwalking.  (ECF No. 29 at 10.)  Dr. Krpan claims causation was not established because the

12    plaintiff did not allege he fell during the period when Dr. Krpan had revoked the chrono. (Id.)  Dr.

13    Krpan also claims that plaintiff has not shown the necessary causation as he alleged that his

14    cellmate tucked him in to prevent him from falling.  (Id.)

15          Plaintiff asserts that he experienced stress and anxiety as he feared falling from the upper

16    bunk due to his history of sleepwalking.  Plaintiff has also claimed that his placement in an upper

17    bunk resulted from Dr. Krpan's failure to respond to his documented serious medical condition of

18    chronic sleepwalking. Given these two facts have been alleged, plaintiff alleges the necessary

19    facts to show causation.  It is not necessary for the plaintiff to claim a harm that is substantial.

20    That the plaintiff took steps to prevent a potential fall does not preclude the possibility of him

21    falling, nor does it mean that plaintiff did not still suffer stress at the prospect of falling from the

22    upper bunk.

23          As such, it is recommended that the plaintiff has alleged sufficient facts to show the

24    requisite causation between Dr. Krpan's actions and the plaintiff's harm.

25          **D.  Sufficiency of Plaintiff's Claims and Factual Dispute**

26          Apart from the claim related to plaintiff's CPAP machine, it is recommended that plaintiff

27    has pled sufficient facts to state a claim for deliberate indifference in violation of the Eighth

28    Amendment.  While Dr. Krpan may ultimately prevail on his argument that he acted reasonably

under the circumstances, here the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support this claim.  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  Further, there is a factual dispute regarding whether plaintiff's lower bunk accommodation status was renewed until March 2018 or expired on July 26, 2017 that cannot be resolved on a motion to dismiss.

## II.    Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Lopez, 203 F.3d at 1126–30.  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if the plaintiff is pro se.  Id. at 1130–31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).

Accordingly, plaintiff should be given the option to either proceed on any portion of the complaint for which the motion to dismiss is not granted or to have the opportunity to amend the complaint.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Dr. Krpan's motion to dismiss (ECF No. 29) be granted in part and denied in part as follows:

1. The allegation in the complaint regarding plaintiff's inability to use his CPAP machine be dismissed without prejudice;

2. The motion to dismiss be denied in all other respects; and

3. Should the findings and recommendations be adopted, plaintiff be granted thirty days leave to inform the court in writing whether he wishes to proceed on the remaining claim or file an amended complaint.

These findings and recommendations will be submitted to the United States District Judge

1  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after

2  being served with these findings and recommendations, any party may file written objections with

3  the court and serve a copy on all parties. The document should be captioned "Objections to

4  Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be

5  filed and served within seven days after service of the objections.  The parties are advised that

6  failure to file objections within the specified time may result in waiver of the right to appeal the

7  district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8  Dated:  January 15, 2021

9

10

11  DEBORAH BARNES
   UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25  DLB:14
   DLB1/orders/prisoner-civil.rights/cox2523.mtd_fr

26

27

28