UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE COX, Jr., | No. 2:18-cv-02523 TLN DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOHN KRPIN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant was deliberately indifferent to his serious medical needs. Before the court is plaintiff's motion to amend the complaint. (ECF No. 57.) For the reasons set forth below, the undersigned will recommend the motion to amend be denied.

**BACKGROUND**

**I.     Procedural History**

The present action was initiated by plaintiff on September 7, 2018.[1] (ECF No. 1.) After the complaint was screened by the court, plaintiff decided to proceed solely on his claim of

---

[1] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 105, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

1  deliberate indifference against defendant, John Krpan, M.D.,[2] for allegedly revoking plaintiff's
2  lower bunk accommodation without meeting with plaintiff or reviewing plaintiff's medical file.
3  (ECF No. 13.)  Plaintiff voluntarily dismissed all other defendants and claims from the initial
4  complaint.  (Id.)  Following service, defendant filed a motion to dismiss, in which he argued that
5  plaintiff had not pleaded sufficient facts to state a cognizable Eighth Amendment claim.  (ECF
6  No. 29.)  The motion was granted in part and denied in part.  (ECF Nos. 32, 33.)  That portion of
7  the original complaint alleging that the revocation prevented plaintiff from using his continuous
8  positive airway pressure ("CPAP") machine were dismissed, but he was permitted to proceed on
9  the remainder of his allegations as stated in the screened complaint.  (Id.)  Defendant filed an
10 answer to the complaint on May 27, 2021.  (ECF No. 39.)

   Following discovery, defendant moved for summary judgment on the grounds that he was
12 not the physician who revoked plaintiff's accommodation.  (ECF No. 45.)  Plaintiff filed an
13 opposition to defendant's motion for summary judgment and a cross-motion for summary
14 judgment.  (ECF No. 49.)  On April 4, 2023, the undersigned issued findings and
15 recommendations recommending that defendant's motion for summary judgment be granted and
16 that plaintiff's cross-motion for summary judgment be denied.  (ECF No. 55.)

17 On April 20, 2023, plaintiff filed the instant motion to amend the complaint.  (ECF No.
18 57.)  Defendant filed an opposition and plaintiff filed a reply.  (ECF Nos. 59, 61.)  On June 27,
19 2023, the district judge adopted the April 4, 2023 findings and recommendations and referred this
20 case back to the undersigned for resolution of plaintiff's motion to amend.  (ECF No. 62.)

21 **II.   Factual Allegations in the Complaint**

22 The original complaint states that, at all relevant times, plaintiff was incarcerated at Mule
23 Creek State Prison ("MCSP").  (ECF No. 1 at 1.)  Plaintiff claims that defendant Krpan was
24 deliberately indifferent to plaintiff's medical needs, in violation of the Eighth Amendment.
25 Plaintiff alleges that he is a documented sleepwalker in addition to suffering from osteoarthritis
26 and degenerative disc disease, and that he had an accommodation granting him a lower bunk

---

[2] As noted in the court's prior orders, defendant's filings indicate his last name is "Krpan" despite the spelling used in the case caption.  (See e.g., ECF No. 32 at 2.)  The spelling "Krpan" will be used for the defendant for the remainder of these findings and recommendations.

2

assignment.  (Id. at 4-7.)  Plaintiff claims that defendant revoked his lower bunk accommodation in October 2017 despite not having met plaintiff and not reviewing plaintiff's file prior to revoking the accommodation.  (Id. at 8-9.)  As a result, he was placed in an upper bunk assignment, which caused him pain due to his degenerative disk disease as well as fear of injury due to his sleepwalking.  (Id. at 9-10.)

**MOTION TO AMEND**

**I.     Parties' Filings**

**A. Motion to Amend**

Plaintiff seeks to amend his complaint to name another physician, Dr. Ashe, as defendant, because in granting defendant's motion for summary judgment, the court found that Dr. Ashe, not defendant, had revoked plaintiff's lower bunk accommodation.  (ECF No. 55 at 9; ECF No. 62.)  Plaintiff states that he reasonably believed defendant revoked the accommodation because a nurse told him that it had been defendant, and because plaintiff erroneously believed that Dr. Ashe had been on maternity leave when the accommodation was revoked.  (ECF No. 57 at 6.)  He also claims that on August 29, 2017, Dr. Ashe issued a lower bunk accommodation order that was supposed to be in effect until February 1, 2018, and plaintiff did not believe that Dr. Ashe would rescind this order only two months later.  (Id.)

**B. Defendant's Opposition**

In his opposition, defendant notes that in choosing to proceed on the complaint as screened, plaintiff voluntarily dismissed all other defendants and claims.  (ECF No. 59 at 2.)  He further observes that on August 16, 2021, defense counsel produced documentation to plaintiff showing that Dr. Ashe had revoked the lower bunk accommodation.  (Id. at 3; ECF No. 59-1.)  According to defendant, plaintiff could have also obtained and reviewed this documentation before filing the instant lawsuit by requesting his medical records.  (ECF No. 59 at 3.)  See Cal. Code Regs. tit. 15, § 3999.217.

**C. Plaintiff's Reply**

In his reply, plaintiff contends that relation back is appropriate because he believes defendant, defendant's counsel, and Dr. Ashe knew or should have known that he intended to sue

3

the physician who revoked his accommodation, which was Dr. Ashe, not defendant.  (ECF No. 61 at 5–6 (citing Myers v. Checksmart Fin., LLC, 701 F. App'x 588 (9th Cir. 2017)).)  As support, plaintiff states that he met with Dr. Ashe when she returned from maternity leave and filed medical grievances regarding the revocation, but that neither she nor the medical staff who responded to his grievances informed him that Dr. Ashe had revoked his accommodation.  (Id. at 7–8.)  He also notes that defendant and Dr. Ashe share the same attorney.  (Id. at 8.)

## II.     Legal Standards

### A.  Statute of Limitations

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  The applicable statute of limitations under California law is two years.  Id.  However, if a plaintiff "is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."  Cal. Civ. Proc. Code § 352.1(a).  "[T]he period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling."  Jones, 393 F.3d at 927 n.5.

### B.  Amending the Complaint

Because the limitations period derives from state law, this court must consider both federal and state law to determine which affords "the more permissive" relation back standard.  Butler v. Nat'l Cmty. Renaissance of Cal., 766 F.3d 1191, 1201 (9th Cir. 2014) (citing Fed. R. Civ. P. 15(c)(1)).  Under California law, "an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed."  Hawkins v. Pacific Coast. Bldg. Prods., Inc., 22 Cal. Rptr. 3d 453, 457 (Cal. Ct. App. 2004) (quotation and emphasis removed).  "But where an amendment does not add a 'new' defendant, but simply corrects a misnomer by which an 'old' defendant was sued, case law recognizes an

1   exception to the general rule of no relation back." Id. (holding that amended complaint related
2   back because the original complaint "merely misnamed" the defendant by failing to use its
3   "proper corporate name").

4   Under Rule 15 of the Federal Rules of Civil Procedure, the following conditions must be
5   met for an amended complaint to relate back to the date of the original complaint: "'(1) the basic
6   claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be
7   brought in must have received such notice that it will not be prejudiced in maintaining its defense;
8   [and] (3) that party must or should have known that, but for a mistake concerning identity, the
9   action would have been brought against it.'" Butler, 766 F.3d at 1202 (quotation omitted); Fed. R.
10  Civ. P. 15(c)(1)(C). The second and third requirements, notice and knowledge, must have been
11  met within the service period provided under Rule 4(m), which is 90 days after the complaint is
12  filed. Fed. R. Civ. P. 15(c)(1)(C); Fed. R. Civ. P. 4(m); Butler, 766 F.3d at 1202.

13  "[R]elation back under Rule 15(c)(1)(C) depends on what the party to be added knew or
14  should have known, not on the amending party's knowledge or its timeliness in seeking to amend
15  the pleading." Id. at 541.

16  **III.   Analysis**

17  Plaintiff's motion to amend should be denied. California law does not allow relation back
18  in this case because plaintiff seeks to add a new defendant. Hawkins, 22 Cal. Rptr. 3d at 457.
19  Therefore, the Federal Rules of Civil Procedure provide the more lenient standard, and the
20  undersigned will apply the standard provided under Rule 15(c)(1). Butler, 766 F.3d at 1201. For
21  the reasons stated below, plaintiff's proposed amended complaint does not relate back because he
22  cannot satisfy the knowledge requirement.

23  **A. Same Conduct**

24  An amended complaint "may 'relate[ ] back' to the date of the original complaint where it
25  'asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or
26  attempted to be set out—in the original pleading.'" Echlin v. PeaceHealth, 887 F.3d 967, 978
27  (9th Cir. 2018) (quoting Fed. R. Civ. P. 15(c)(1)(B)) (alteration in original). "The claims must
28  'share a common core of operative facts such that the plaintiff will rely on the same evidence to

1    prove each claim.'" Id. (quoting Williams v. Boeing Co., 517 F.3d 1120, 1133 (9th Cir. 2008)).
2    An amended complaint will not relate back if it must introduce new facts to support the new
3    claim or claims. Id.

4        The original complaint named Dr. Krpan and "Mule Creek State Prison, its several
5    Wardens, Captains and Yard [and] Security and Escort Officers" as defendants. (See ECF No. 1.)
6    It alleged that Dr. Krpan wrongfully revoked plaintiff's lower bunk accommodation without
7    contacting plaintiff or reviewing his medical file, in violation of his due process and Eighth
8    Amendment rights. (Id. at 11–12.) The original complaint also alleged that MCSP, through the
9    defendant officers, maintains a policy of observing inmates with medical accommodations, in
10   order to determine if they are malingering the conditions that necessitated the accommodations;
11   according to plaintiff, the officers then report their observations to inmates' primary care
12   physicians so that their accommodations will be revoked. (Id. at 2–3.) Plaintiff stated that Dr.
13   Krpan revoked his accommodation pursuant to this policy, by relying on correctional staff's
14   observations of plaintiff instead of plaintiff's medical records. (Id. at 11–12.)

15       Plaintiff's proposed amended complaint seeks to replace Dr. Krpan with Dr. Ashe as the
16   named defendant in his deliberate indifference claim. (ECF No. 57 at 21.) He also asserts an
17   additional claim against Dr. Ashe "for revoking plaintiff['s] ADA/[Rehabilitation Act]
18   Accommodation and for failing to accommodate plaintiff's disabilities in violation of the
19   Retaliation Clause of Title II of the ADA/[Rehabilitation Act]." (Id.) He also seeks to sue "Mule
20   Creek prison and its DOE officers" over a policy of observing inmates believed to be malingering
21   conditions for which they received accommodations, then sharing their observations with the
22   inmates' primary care physicians for the purpose of having their accommodations revoked. (Id.
23   at 22.)

24       The proposed amended complaint relies on the same operative facts as the original
25   complaint and does not introduce any new facts. PeaceHealth, 887 F.3d at 978. In each pleading,
26   plaintiff alleges that his primary care physician wrongfully relied on correctional staff's
27   observations about his mobility when revoking his accommodation, despite evidence in his
28   medical records indicating his need for a lower bunk. (ECF No. 1 at 3–9; ECF No. 57 at 22.) He

1    initially believed that Dr. Krpan revoked the accommodation, but now recognizes that Dr. Ashe
2    did. (ECF No. 57 at 7.) Likewise, plaintiff's ADA and Rehabilitation Act claim arises from the
3    wrongful revocation of his lower bunk accommodation, as does his claim challenging MCSP's
4    alleged policy of having correctional staff report malingering inmates to their primary care
5    physicians.
6        For these reasons, the claims articulated in the proposed amended complaint arise from
7    the same conduct alleged in the original complaint. Butler, 766 F.3d at 1202.
8        **B. Applicable notice period**
9        Rule 15(c)(1)(C) requires a prospective defendant to have received notice of the action no
10   later than ninety days from the date that the complaint was filed. Fed R. Civ. P. 15(c)(1)(C); Fed.
11   R. Civ. P. 4(m). However, this service period is tolled while the court conducts the screening
12   required by 28 U.S.C. § 1915A. Moore v. Duran, No.: 3:23-cv-0194 GPC DDL, 2023 WL
13   2435650, at *2 n.1 (S.D. Cal. March 9, 2023) (citing Butler, 766 F.3d at 1204 n.8); 28 U.S.C. §
14   1915A(b); 42 U.S.C. § 1997e(c), (g)(2). The court issued an order directing service on April 27,
15   2020. (ECF No. 14.) Accordingly, in this case, the notice and knowledge requirements must
16   have been met between April 27, 2020 and July 26, 2020 for plaintiff's proposed amended
17   complaint to relate back.
18       **B. Notice Requirement**
19       The notice required under 15(c)(1)(C)(i) "need not be formal." Krupski v. Costa Cociere
20   S. p. A., 560 U.S. 538, 554 n.5 (2010) (quoting Fed. R. Civ. P. 15, 1966 advisory committee's
21   note). "[N]otice may be imputed to the new party through shared counsel." Jacobsen v. Osborne,
22   133 F.3d 315, 320 (5th Cir. 1998).
23       There is no indication that Dr. Ashe had actual notice of this action. Plaintiff does not
24   state that he ever told Dr. Ashe he had sued defendant for revoking his lower bunk
25   accommodation. (See generally ECF No. 57.) Rather, he alleges that, prior to filing this action,
26   he told her that defendant had revoked his accommodation and that she failed to correct him.
27   (ECF No. 61 at 7.) He also implies that Dr. Ashe was aware of healthcare grievances he filed, in
28   which he stated that defendant had revoked the accommodation. (Id. at 8.) According to

plaintiff, based on these communications, Dr. Ashe "knew of plaintiff's complaint's [sic] before the Original Complaint was filed." (Id.) However, the question under Rule 15(c)(1)(C)(i) is whether Dr. Ashe received notice that plaintiff had filed this lawsuit. See Fed. R. Civ. P. 15(c)(1)(C)(i) (prospective defendant must have "received such notice of the action . . ."). While plaintiff's statements suggest Dr. Ashe knew he was dissatisfied over losing his lower bunk accommodation, they do not establish that she ever learned about this lawsuit.

There is also no evidence that defendant and Dr. Ashe communicated about this action. Defendant was briefly assigned to plaintiff's facility from November 6, 2017 to mid-December 2017. (ECF No. 45-3 at 163.) During his time at MCSP, he appears to have worked with Dr. Ashe for only one week, in November 2017. (Id.) His employment at MCSP ended in October 2018, meaning that he did not work with Dr. Ashe during the service period between April 27 and July 26, 2020. (Id. at 171.) Plaintiff has not offered any proof that defendant notified Dr. Ashe about the lawsuit at any time.

Regarding constructive notice through counsel, plaintiff is correct that California law tasks the Attorney General's Office with representing state employee defendants sued in the course of their duties. See Cal. Gov. Code § 12511; see also id. § 11040(a). Defendant is represented by the Attorney General's Office in this matter. (See ECF Nos. 19, 45, 59.) The undersigned assumes, without deciding, that the Attorney General's Office would have represented Dr. Ashe in this action, and that its notice of this action can be imputed to Dr. Ashe. Jacobsen, 133 F.3d at 320; Cal. Gov. Code § 12511. The court does not need to reach this question to resolve plaintiff's motion to amend, because even if Dr. Ashe received constructive notice, plaintiff cannot show that Dr. Ashe knew or should have known she was the proper defendant on or before July 26, 2020.

**C. Knowledge Requirement**

"[T]he question under Rule 15(c)(1)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant." Krupski v. Costa Cociere S. p. A., 560 U.S. 538, 553–54 (2010).

////

As the Supreme Court explained:

> a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied.

Id. at 549. "Under the constructive notice doctrine, a court may impute knowledge to a defendant or set of defendants because they have the same attorney(s) when there is some showing that the attorney(s) knew that the additional defendants would be added to the existing suit." Scott v. Vill. of Spring Valley, 577 F. App'x 81, 82 (2d Cir. 2014) (quoting Gleason v. McBride, 869 F.2d 688, 693 (2d Cir.1989)) (internal quotation marks omitted).

Here, the original complaint makes clear that plaintiff intended to sue the physician who revoked his lower bunk accommodation on October 12, 2017. (ECF No. 1 at 8.) It further states that Dr. Ashe had been on maternity leave on that date and that defendant had been his primary care physician. (Id. at 2, 7.) The original complaint therefore reflects plaintiff's "misunderstanding about [Dr. Ashe's] status or role in the events giving rise to the claim at issue," and shows that he would have sued Dr. Ashe but for this misunderstanding. Krupski, 560 U.S. at 549.

However, plaintiff has not established that Dr. Ashe, through counsel, knew or should have known during the applicable period that plaintiff intended to sue her. The only indication in the complaint that plaintiff had sued the wrong defendant was his statement that Dr. Ashe was on maternity leave on October 12, 2017, when his accommodation was revoked, and his resulting assumption that defendant had been his primary care provider on that date. (ECF No. 1 at 2, 7–8.) It is not clear that defendant's counsel had immediate access to California Department of Corrections and Rehabilitation (CDCR) personnel records to confirm the accuracy of these pleadings. (See ECF No. 45-3 at 163.)

The available facts also show that defendant could have reasonably but mistakenly believed that he was the proper defendant and that plaintiff intended to sue him. The original complaint alleges that defendant revoked plaintiff's accommodation while Dr. Ashe was on

9

1 maternity leave, and medical records confirm that defendant met with plaintiff while Dr. Ashe
2 was on leave.  (ECF No. 1 at 7; ECF No. 45-3 at 163.)  More than two years passed between
3 defendant's consultation with plaintiff in late 2017 and the court's order directing service in April
4 2020.  (ECF No. 45-3 at 163; ECF No. 14.)  This delay could have reasonably affected
5 defendant's recollection about the 2017 consultation or actions he may have taken as plaintiff's
6 temporary primary care physician.  See Natural Res., Inc. v. Wineberg, 349 F.2d 685, 692 (9th
7 Cir. 1965) ("[T]he fact cannot be denied that memory tends to dim, recollection to grow faint, and
8 impressions to vanish, with the passage of time.").  It is therefore not established that defendant
9 recognized plaintiff's intent to sue Dr. Ashe.  Absent this understanding, defendant had no reason
10 to alert counsel to plaintiff's mistake during the service period.

11         That defendant did not argue that he was the wrong defendant in his motion to dismiss
12 (ECF No. 29) further suggesting that defendant and defendant's counsel did not realize that Dr.
13 Ashe was the proper defendant until well after the service period.  Had counsel known then that
14 defendant did not revoke plaintiff's accommodation, counsel "could have filed
15 a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and included matters outside
16 the pleadings proving [defendant] was not the proper party," which the court "would have treated
17 . . . as a motion for summary judgment."  EEOC v. AutoNation USA Corp., No. CV 05-1575
18 PHX ROS, 2007 WL 9724419, at *3 n.1 (D. Ariz. May 3, 2007).  Instead, the motion to dismiss
19 focused on the sufficiency of plaintiff's pleadings and did not reference Dr. Ashe or her role in
20 treating plaintiff.  (ECF No. 29.)

21         Plaintiff alleges, without evidence, that defendant's counsel deliberately failed to identify
22 Dr. Ashe as the proper defendant until moving for summary judgment in December 2021, to run
23 out the statute of limitations.  (ECF No. 61 at 4, 8.)  However, because plaintiff is serving a life
24 sentence,[3] the applicable statute of limitations was two years.  Jones, 393 F.3d at 927 n.5.  As

---

[3] According to CDCR records, plaintiff is serving a sentence of life without the possibility of parole.  See https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=C52583.  This court may take judicial notice of such information.  Louis v. McCormick & Schmick Restaurant Corp., 460 F. Supp. 2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records); Pacheco v. Diaz, No. 1:19-cv-0774 SAB (PC), 2019 WL 5073594, at *2 (E.D. Cal. Sept. 4, 2019) (court may take judicial notice of the California Department of Corrections and Rehabilitation's inmate locator system).

such, the statute of limitations expired in October 2019, before the court directed service. (See ECF No. 1 at 8; ECF No. 14.) Even if plaintiff qualified for the two-year tolling period, defendant's counsel produced medical records to plaintiff showing that Dr. Ashe was the correct defendant on August 16, 2021, which gave plaintiff two months to amend the complaint before his claim became time-barred. (ECF No. 59 at 12; ECF No. 59-1, ¶ 2.) Jones, 393 F.3d at 927. Plaintiff does not deny that counsel produced these documents, but states that he "did not believe" the information they contained. (ECF No. 61 at 4.) "Without any objective support in the record," plaintiff's "suspicions do not amount to substantial evidence" that Dr. Ashe or defendant's counsel knew or should have known that Dr. Ashe was the proper defendant on or before July 26, 2020. Lin v. Gonzales, 434 F.3d 1158, 1160 (9th Cir. 2006).

For the foregoing reasons, plaintiff has not met Rule 15(c)(1)'s knowledge requirement, and his motion to amend should be denied.

**CONCLUSION**

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to amend (ECF No. 57) be denied; and
2. The Clerk of the Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 13, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:15
DB/DB Prisoner Inbox/Civil Rights/S/cox2523.mta.fr

11