1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERNEST LEE COX, Jr.,                    No.  2:18-cv-02523 TLN DB P

12              Plaintiff,

13       v.                                  ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14   JOHN KRPIN, et al.,

15              Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18   action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges defendant was deliberately indifferent to his

19   serious medical needs.  Before the court is plaintiff's motion to amend the complaint.  (ECF No.

20   57.)  For the reasons set forth below, the undersigned will recommend the motion to amend be

21   denied.[1]

22   ////

23   ////

24   ////

25   _____

26   [1] On September 13, 2023, the undersigned issued findings and recommendations, which found
     that plaintiff's claims in his proposed amended complaint arose from the conduct, transaction, or
     occurrence set out in his complaint.  (ECF No. 64.)  Defendant filed objections.  (ECF No. 66.)
27   Upon further review of the parties' filings, the undersigned agrees that plaintiff's proposed claims
     against Dr. Ashe rely on new facts and, therefore, do not arise from the same conduct set out in
28   the complaint.  Accordingly, the court will vacate the September 13, 2023, findings and
     recommendations, and proceed in accordance with this order and findings and recommendations.

                                             1

1

## BACKGROUND

2

### I.    Procedural History

3      The present action was initiated by plaintiff on September 7, 2018.[2]  (ECF No. 1.)  Upon

4  screening, plaintiff decided to proceed solely on his claim of deliberate indifference against

5  defendant, John Krpan, M.D.,[3] voluntarily dismissing all other defendants and claims. (ECF No.

6  13.)  Following service, defendant filed a motion to dismiss, arguing plaintiff had not pleaded

7  sufficient facts to state a cognizable Eighth Amendment claim.  (ECF No. 29.)  The motion was

8  granted in part and denied in part.  (ECF Nos. 32, 33.)  A portion of the original complaint

9  pertaining to plaintiff's use of his continuous positive airway pressure ("CPAP") machine was

10  dismissed, but he was permitted to proceed on the remainder of his allegations as stated in the

11  screened complaint.  (Id.)  Defendant filed an answer to the complaint on May 27, 2021.  (ECF

12  No. 39.)

13      Following discovery, defendant moved for summary judgment on the ground that he was

14  not the physician who revoked plaintiff's accommodation, as alleged by plaintiff.  (ECF No. 45.)

15  Plaintiff filed an opposition to defendant's motion for summary judgment and a cross-motion for

16  summary judgment.  (ECF No. 49.)  On April 4, 2023, the undersigned issued findings and

17  recommendations recommending that defendant's motion for summary judgment be granted and

18  that plaintiff's cross-motion for summary judgment be denied.  (ECF No. 55.)

19      On April 20, 2023, plaintiff filed the instant motion to amend the complaint.  (ECF No.

20  57.)  Defendant filed an opposition and plaintiff filed a reply.  (ECF Nos. 59, 61.)  On June 27,

21  2023, the district judge adopted the April 4, 2023 findings and recommendations and referred this

22  case back to the undersigned for resolution of plaintiff's motion to amend.  (ECF No. 62.)

23  ////

24

25  [2] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs
the document and gives it to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 276

26  (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 105, 1059 (9th Cir.
2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

27  [3] As noted in the court's prior orders, defendant's filings indicate his last name is "Krpan" despite

28  the spelling used in the case caption.  (See e.g., ECF No. 32 at 2.)  The spelling "Krpan" will be
used for the defendant for the remainder of these findings and recommendations.

2

## II.     Factual Allegations in the Complaint

The original complaint alleges, at all relevant times, plaintiff was incarcerated at Mule Creek State Prison ("MCSP").  (ECF No. 1 at 1.)  Plaintiff claims defendant Dr. Krpan was deliberately indifferent to plaintiff's medical needs, in violation of the Eighth Amendment. Plaintiff alleges he is a documented sleepwalker, that he suffers from osteoarthritis and degenerative disc disease, and that he had an accommodation granting him a lower bunk assignment.  (Id. at 4–7.)  Plaintiff claims defendant revoked his lower bunk accommodation in October 2017 despite not having met plaintiff and not reviewing plaintiff's file prior to revoking the accommodation.  (Id. at 8–9.)  As a result, plaintiff was placed in an upper bunk assignment, which caused him pain due to his degenerative disk disease as well as fear of injury due to his sleepwalking.  (Id. at 9–10.)

## MOTION TO AMEND

### I.     Parties' Filings

#### A.  Motion to Amend

Plaintiff seeks to amend his complaint to name another physician, Dr. Ashe, as defendant, because in granting defendant's motion for summary judgment, the court found that Dr. Ashe, not defendant, had revoked plaintiff's lower bunk accommodation.  (ECF No. 55 at 9; ECF No. 62.) Plaintiff states he reasonably believed defendant revoked the accommodation because a nurse told him that it had been the defendant, and because plaintiff erroneously believed that Dr. Ashe had been on maternity leave when the accommodation was revoked.  (ECF No. 57 at 6.)  He also claims that on August 29, 2017, Dr. Ashe issued a lower bunk accommodation order that was supposed to be in effect until February 1, 2018, and plaintiff did not believe that Dr. Ashe would rescind this order only two months later.  (Id.)

#### B.  Defendant's Opposition

In his opposition, defendant argues that the proposed amended complaint does not relate back to the original complaint and is therefore time-barred.  (ECF No. 59 at 9.)  He asserts that plaintiff's new claims against Dr. Ashe do not arise from the same conduct, transaction, or occurrence and that Dr. Ashe did not have timely notice of this action.  (Id. at 9–11.)

Defendant also notes that in choosing to proceed on the complaint as screened, plaintiff voluntarily dismissed all other defendants and claims, and that on August 16, 2021, defense counsel produced documentation to plaintiff showing that Dr. Ashe had revoked the lower bunk accommodation.  (Id. at 2, 3; ECF No. 59-1.)

### C.  Plaintiff's Reply

In his reply, plaintiff contends that relation back is appropriate as the defendant, defendant's counsel, and Dr. Ashe knew or should have known that he intended to sue the actual physician who revoked his accommodation.  It just happened to be Dr. Ashe, not defendant.  (ECF No. 61 at 5–6 (citing Myers v. Checksmart Fin., LLC, 701 F. App'x 588 (9th Cir. 2017)).)  As support, plaintiff states that he met with Dr. Ashe when she returned from maternity leave and filed medical grievances regarding the revocation.  Neither Dr. Ashe nor the medical staff who responded to his grievances informed him that Dr. Ashe had revoked his accommodation.  (Id. at 7–8.)  He also asserts that defendant and Dr. Ashe share the same attorney.  (Id. at 8.)

## II.    Legal Standards

A party may amend its pleading once as a matter of course no later than twenty-one days after serving it, or twenty-one days after service of a responsive pleading or a motion brought under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  After this period, "it may only amend further after obtaining leave of the court, or by consent of the adverse party."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); Fed. R. Civ. P. 15(a)(2).  Where a plaintiff seeks to amend the complaint after the applicable statute of limitations has expired, "[a]n otherwise time-barred claim in an amended pleading is deemed timely if it relates back to the date of a timely original pleading."  ASARCO, LLC v. Union Pacific R.R. Co., 765 F.3d 999, 1004 (9th Cir. 2014).

Rule 15(c) governs whether an amended complaint that changes a party or party's name relates back to the original pleading and "is thus itself timely even though it was filed outside an applicable statute of limitations."  Krupski v. Costa Cociere S. p. A., 560 U.S. 538, 541 (2010).  Under the rule, a court must first consider both federal and state law to determine which affords "the more permissive" relation back standard.  Butler v. Nat'l Cmty. Renaissance of Cal., 766

4

1   F.3d 1191, 1201 (9th Cir. 2014) (citing Fed. R. Civ. P. 15(c)(1)).  Under California law, "an

2   amended complaint that adds a new defendant does not relate back to the date of filing the

3   original complaint and the statute of limitations is applied as of the date the amended complaint is

4   filed, not the date the original complaint is filed."  Hawkins v. Pacific Coast. Bldg. Prods., Inc.,

5   22 Cal. Rptr. 3d 453, 457 (Cal. Ct. App. 2004) (quotation and emphasis removed).  "But where an

6   amendment does not add a 'new' defendant, but simply corrects a misnomer by which an 'old'

7   defendant was sued, case law recognizes an exception to the general rule of no relation back."  Id.

8   (holding that amended complaint related back because the original complaint "merely misnamed"

9   the defendant by failing to use its "proper corporate name").

10       Under federal law, an amended complaint that changes a party or party's name relates

11   back when the following conditions have been met: "'(1) the basic claim must have arisen out of

12   the conduct set forth in the original pleading; (2) the party to be brought in must have received

13   such notice that it will not be prejudiced in maintaining its defense; [and] (3) that party must or

14   should have known that, but for a mistake concerning identity, the action would have been

15   brought against it.'"  Butler, 766 F.3d at 1202 (quotation omitted); Fed. R. Civ. P. 15(c)(1)(C).

16   The second and third requirements, notice and knowledge, must have been met within the service

17   period provided under Rule 4(m), which is 90 days after the complaint is filed.  Fed. R. Civ. P.

18   15(c)(1)(C); Fed. R. Civ. P. 4(m); Butler, 766 F.3d at 1202.

19       "[R]elation back under Rule 15(c)(1)(C) depends on what the party to be added knew or

20   should have known, not on the amending party's knowledge or its timeliness in seeking to amend

21   the pleading."  Krupski, 560 U.S. at 541.

22   **III.    Analysis**

23       Here, plaintiff states that he mistakenly sued Dr. Krpan and wishes to amend the

24   complaint to replace Dr. Krpan with Dr. Ashe as the named defendant.  (See ECF No. 57 at 5–7.)

25   The period to amend his complaint as a matter of course has passed, and plaintiff may now amend

26   the complaint only with defendant's written consent or the court's leave. Fed. R. Civ. P. 15(a)(1),

27   (2).  Because defendant does not consent, plaintiff may only amend the complaint with the court's

28   permission.  (See ECF No. 59.)  Fed. R. Civ. P. 15(a)(2).

5

1     In this instance, plaintiff has moved to amend the complaint after the applicable statute of

2     limitations expired.  "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of

3     limitations for personal injury actions, along with the forum state's law regarding tolling,

4     including equitable tolling, except to the extent any of these laws is inconsistent with federal

5     law."  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  The applicable statute of limitations

6     under California law is two years.  Id.  However, if a plaintiff "is, at the time the cause of action

7     accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court

8     for a term less than for life, the time of that disability is not a part of the time limited for the

9     commencement of the action, not to exceed two years."  Cal. Civ. Proc. Code § 352.1(a).  "[T]he

10    period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for

11    tolling."  Jones, 393 F.3d at 927 n.5.  In this case, plaintiff is serving a life sentence,[4] meaning

12    that the statute of limitations for his claim expired in October 2019.  Id.  The court must therefore

13    decide whether the amended complaint relates back to the original complaint.

14    California law forbids relation back in this case because plaintiff seeks to add a new

15    defendant.  Hawkins, 22 Cal. Rptr. 3d at 457.  Therefore, the Federal Rules of Civil Procedure

16    provide the more lenient standard, and the undersigned will apply the standard provided under

17    Rule 15(c)(1).  Butler, 766 F.3d at 1201.  For the reasons stated below, plaintiff's proposed

18    amended complaint does not relate back because he cannot satisfy the same conduct or

19    knowledge requirements.

20    **A.  Same Conduct**

21    An amended complaint "may 'relate[ ] back' to the date of the original complaint where it

22    'asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or

23    attempted to be set out—in the original pleading.'"  Echlin v. PeaceHealth, 887 F.3d 967, 978

24    (9th Cir. 2018) (quoting Fed. R. Civ. P. 15(c)(1)(B)) (alteration in original).  "The claims must

25

26    ---
      [4]  According to California Department of Corrections and Rehabilitation records, plaintiff is
      serving a sentence of life without the possibility of parole.  See https://apps.cdcr.ca.gov/ciris/.

27    This court may take judicial notice of such information.  Louis v. McCormick & Schmick
      Restaurant Corp., 460 F. Supp. 2d 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice
      of state agency records); Pacheco v. Diaz, No. 1:19-cv-0774 SAB (PC), 2019 WL 5073594, at *2

28    (E.D. Cal. Sept. 4, 2019) (court may take judicial notice of the California Department of
      Corrections and Rehabilitation's inmate locator system).

1  'share a common core of operative facts such that the plaintiff will rely on the same evidence to

2  prove each claim.'"  Id. (quoting Williams v. Boeing Co., 517 F.3d 1120, 1133 (9th Cir. 2008)).

3  An amended complaint will not relate back if it must introduce new facts to support the new

4  claim or claims.  Id.

5         The original complaint named Dr. Krpan and "Mule Creek State Prison, its several

6  Wardens, Captains and Yard [and] Security and Escort Officers" as defendants.  (See ECF No. 1.)

7  It alleged that Dr. Krpan wrongfully revoked plaintiff's lower bunk accommodation without

8  contacting plaintiff or reviewing his medical file, in violation of his due process and Eighth

9  Amendment rights.  (Id. at 9, 11–12.)  The original complaint also alleged that MCSP, through

10  the defendant officers, maintains a policy of observing inmates with medical accommodations, in

11  order to determine if they are malingering the conditions that necessitated the accommodations;

12  according to plaintiff, the officers then report their observations to inmates' primary care

13  physicians so that their accommodations will be revoked.  (Id. at 2–3.)  Plaintiff alleged Dr.

14  Krpan revoked his accommodation pursuant to this policy, by relying on correctional staff's

15  observations of plaintiff, instead of plaintiff's medical records.  (Id. at 9, 11–12.)

16         Plaintiff's proposed amended complaint alleges that Dr. Ashe, not Dr. Krpan, committed

17  deliberate indifference by revoking his lower bunk accommodation.  (ECF No. 57 at 21.)  He

18  asserts an additional claim against Dr. Ashe under the Americans with Disabilities Act ("ADA")

19  and Rehabilitation Act ("RA") for revoking his accommodation and "for failing to accommodate

20  plaintiff's disabilities in violation of the Retaliation Clause of Title II of the ADA/RA."  (Id.)  The

21  proposed amended complaint also alleges Dr. Ashe informed plaintiff that he needed to prove he

22  was a sleepwalker in order to reinstate his accommodation.  Further, she allegedly delayed

23  restoring plaintiff's accommodation for eight months to punish him "for filing complaints."  (Id.

24  at 29–31.)

25          Plaintiff also seeks to sue "Mule Creek prison and its DOE officers" over a policy of

26  officers observing inmates believed to be malingering conditions for which they received

27  accommodations, and for sharing those observations with the inmates' primary care physicians

28  for the purpose of having accommodations revoked.  (Id. at 22.)  Plaintiff alleges Dr. Ashe

7

1    revoked his accommodation based on correctional staff's reports that he was exercising.  (Id. at

2    26, 30.)  According to plaintiff, Dr. Ashe could not have personally witnessed him exercising

3    because she could not view his exercise area from the medical clinic and must have obtained this

4    information from correctional staff.  (Id.)

5           The proposed amended complaint does not rely on the same operative facts as the original

6    complaint.  PeaceHealth, 887 F.3d at 978.  This is not an instance in which a complaint described

7    the conduct that caused the plaintiff's injury, but simply misattributed that conduct to the wrong

8    person or entity.  Cf. Krupski, 560 U.S. at 554.  Plaintiff accuses Dr. Ashe of different conduct

9    than Dr. Krpan.  The complaint alleged that Dr. Krpan was not familiar with plaintiff's medical

10   history, but nonetheless revoked his lower bunk accommodation.  By contrast, the proposed

11   amended complaint alleges that Dr. Ashe was familiar with his medical history, but nonetheless

12   revoked his accommodation.  It also alleges that when asked to restore plaintiff's accommodation,

13   Dr. Ashe asked him for documentation of sleepwalking.  But in the original complaint, it is not

14   alleged that plaintiff asked Dr. Krpan to restore his accommodation or that Dr. Krpan asked him

15   for supporting documentation.  Similarly, plaintiff claims that Dr. Ashe retaliated against him

16   when she delayed restoring his accommodation, but he made no such allegations against Dr.

17   Krpan.  (ECF No. 57 at 21, 31.)  As such, the proposed amended complaint necessarily introduces

18   new factual allegations.

19          For these reasons, the claims articulated in the proposed amended complaint do not arise

20   from the same conduct alleged in the original complaint.  Butler, 766 F.3d at 1202.

21          **B.  Applicable notice period**

22          Rule 15(c)(1)(C) requires a prospective defendant to have received notice of the action no

23   later than ninety days from the date that the complaint was filed.  Fed R. Civ. P. 15(c)(1)(C); Fed.

24   R. Civ. P. 4(m).  However, this service period is tolled while the court conducts the screening

25   required by 28 U.S.C. § 1915A.  Moore v. Duran, No.: 3:23-cv-0194 GPC DDL, 2023 WL

26   2435650, at *2 n.1 (S.D. Cal. March 9, 2023) (citing Butler, 766 F.3d at 1204 n.8); 28 U.S.C. §

27   1915A(b); 42 U.S.C. § 1997e(c), (g)(2).  The court issued an order directing service on April 27,

28   2020.  (ECF No. 14.)  Accordingly, in this case, the notice and knowledge requirements must

8

have been met between April 27, 2020 and July 26, 2020 for plaintiff's proposed amended complaint to relate back.

### C. Notice Requirement

The notice required under 15(c)(1)(C)(i) "need not be formal." Krupski, 560 U.S. at 554 n.5 (quoting Fed. R. Civ. P. 15, 1966 advisory committee's note). "[N]otice may be imputed to the new party through shared counsel." Jacobsen v. Osborne, 133 F.3d 315, 320 (5th Cir. 1998).

There is no indication that Dr. Ashe had actual notice of this action. Plaintiff never states that he told Dr. Ashe he had sued defendant for revoking his lower bunk accommodation. (See generally ECF No. 57.) Rather, he alleges that, prior to filing this action, he told her that defendant had revoked his accommodation and that she failed to correct him. (ECF No. 61 at 7.) He also implies that Dr. Ashe was aware of healthcare grievances he filed, in which he stated that defendant had revoked the accommodation. (Id. at 8.) According to plaintiff, based on these communications, Dr. Ashe "knew of plaintiff's complaint's [sic] before the Original Complaint was filed." (Id.) However, the question under Rule 15(c)(1)(C)(i) is whether Dr. Ashe received notice that plaintiff had filed this lawsuit. See Fed. R. Civ. P. 15(c)(1)(C)(i) (prospective defendant must have "received such notice of the action . . ."). While plaintiff's statements suggest Dr. Ashe knew he was dissatisfied over losing his lower bunk accommodation, they do not establish that she ever learned about this lawsuit.

There is also no indication that Dr. Ashe obtained notice of this action from defendant. Plaintiff has not offered any proof that defendant notified Dr. Ashe about the lawsuit, and defendant appears to have had limited opportunity to inform Dr. Ashe about the lawsuit during the relevant period. During defendant's time at MCSP, he appears to have worked with Dr. Ashe for only one week, in November 2017. (ECF No. 45-3 at 163.) His employment at MCSP ended in October 2018, meaning that he did not work with Dr. Ashe during the service period between April 27 and July 26, 2020. (Id. at 171.)

Regarding constructive notice through counsel, plaintiff is correct that California law tasks the Attorney General's Office with representing state employee defendants sued in the course of their duties. See Cal. Gov. Code § 12511; see also id. § 11040(a). Defendant is

represented by the Attorney General's Office in this matter.  (See ECF Nos. 19, 45, 59.)  The undersigned assumes that the Attorney General's Office would have represented Dr. Ashe in this action, and that its notice of this action can be imputed to Dr. Ashe.  Jacobsen, 133 F.3d at 320; Cal. Gov. Code § 12511.  However, the court does not need to reach this question to resolve plaintiff's motion to amend, because even if Dr. Ashe received constructive notice, plaintiff cannot show that Dr. Ashe knew or should have known she was the proper defendant on or before July 26, 2020.

**D.  Knowledge Requirement**

"[T]he question under Rule 15(c)(1)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant."  Krupski, 560 U.S. at 553–54.  "Under the constructive notice doctrine, a court may impute knowledge to a defendant or set of defendants because they have the same attorney(s) when there is some showing that the attorney(s) knew that the additional defendants would be added to the existing suit."  Scott v. Vill. of Spring Valley, 577 F. App'x 81, 82 (2d Cir. 2014) (quoting Gleason v. McBride, 869 F.2d 688, 693 (2d Cir.1989)) (internal quotation marks omitted).

Plaintiff has not established that Dr. Ashe, through counsel, knew or should have known during the applicable period that plaintiff intended to sue her.  Even assuming defendant's counsel learned during the service period that Dr. Ashe revoked the accommodation, such information would not necessarily have put counsel on notice that plaintiff intended to sue Dr. Ashe.  (ECF No. 45-3 at 171.)  The original complaint focuses on correctional staff's alleged policy of reporting malingering inmates to their primary care physicians, Dr. Krpan's alleged reliance on these reports, and plaintiff's belief that Dr. Krpan's alleged actions were inappropriate.  (ECF No. 1 at 2, 4–5, 7–9, 11–12.)  It also emphasizes Dr. Krpan's unfamiliarity with plaintiff's medical records.  (Id. at 9, 11.)  At the same time, the original complaint indicates that Dr. Ashe had been plaintiff's physician since 2016 and was familiar with his medical history.  (Id. at 7.)  These allegations do not signal an intent to sue whoever was responsible for revoking the accommodation, regardless of their reasons for doing so; they reflect plaintiff's intent to sue

10

his physician for revoking his accommodation without a proper medical basis.  Thus, even if defendant's counsel knew that Dr. Ashe revoked the accommodation, counsel could have reasonably believed that plaintiff intended to sue Dr. Krpan, not Dr. Ashe, based on a mistaken belief that Dr. Krpan had revoked plaintiff's accommodation without a proper basis.  Given Dr. Ashe's familiarity with plaintiff's medical history, counsel did not have grounds to assume that Dr. Ashe lacked a medical basis for the revocation, that plaintiff's allegations against Dr. Krpan also applied to Dr. Ashe, or that plaintiff would have sued Dr. Ashe under a different legal theory than the one pleaded in the original complaint.

The available facts also show that defendant could have reasonably but mistakenly believed that he was the proper defendant and that plaintiff intended to sue him.  The original complaint alleges that defendant revoked plaintiff's accommodation while Dr. Ashe was on maternity leave, and medical records confirm that defendant met with plaintiff while Dr. Ashe was on leave.  (ECF No. 1 at 7; ECF No. 45-3 at 163.)  More than two years passed between defendant's consultation with plaintiff in late 2017 and the court's order directing service in April 2020.  (ECF No. 45-3 at 163; ECF No. 14.)  This delay could have reasonably affected defendant's recollection about the 2017 consultation or actions he may have taken as plaintiff's temporary primary care physician.  See Natural Res., Inc. v. Wineberg, 349 F.2d 685, 692 (9th Cir. 1965) ("[T]he fact cannot be denied that memory tends to dim, recollection to grow faint, and impressions to vanish, with the passage of time.").  It is therefore not established that defendant recognized plaintiff's intent to sue Dr. Ashe.  Absent this understanding, defendant had no reason to alert counsel to plaintiff's mistake during the service period.

As further suggestion that defendant and defendant's counsel did not realize that Dr. Ashe was the proper defendant until well after the service period, defendant did not argue he was the wrong defendant in his motion to dismiss (ECF No. 29).  Had counsel known then that defendant did not revoke plaintiff's accommodation, counsel "could have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and included matters outside the pleadings proving [defendant] was not the proper party," which the court "would have treated . . . as a motion for summary judgment."  EEOC v. AutoNation USA Corp., No. CV 05-1575 PHX ROS, 2007 WL

11

1   9724419, at *3 n.1 (D. Ariz. May 3, 2007); Fed. R. Civ. P. 12(d).  Instead, the motion to dismiss

2   focused on the sufficiency of plaintiff's pleadings and did not reference Dr. Ashe or her role in

3   treating plaintiff.  (ECF No. 29.)

4          Plaintiff alleges, without evidence, that defendant's counsel deliberately failed to identify

5   Dr. Ashe as the proper defendant until moving for summary judgment in December 2021, for the

6   purpose of running the statute of limitations.  (ECF No. 61 at 4, 8.)  However, as discussed above,

7   the applicable statute of limitations was two years because plaintiff is serving a life sentence.

8   Jones, 393 F.3d at 927 n.5.  As such, the statute of limitations expired in October 2019, before the

9   court directed service.  (See ECF No. 1 at 8; ECF No. 14.)

10         For the foregoing reasons, plaintiff has not met Rule 15(c)(1)'s knowledge requirement

11  and his proposed amended complaint does not relate back to the original complaint.  As a result,

12  the claims therein are barred under the statute of limitations and the undersigned recommends that

13  the court deny plaintiff's motion to amend.  In light of this recommendation, the undersigned

14  declines to reach defendant's arguments that plaintiff sought leave to amend in bad faith, that

15  amendment is futile, and that granting leave to amend would cause undue delay and prejudice to

16  defendant.  (ECF No. 59 at 11–15.)

17                                        **CONCLUSION**

18         For the reasons stated above, IT IS HEREBY ORDERED that the court's September 13,

19  2023 findings and recommendations (ECF No. 64) are vacated.

20         In addition, IT IS RECOMMENDED that:

21         1.  Plaintiff's motion to amend (ECF No. 57) be denied; and

22         2.  The Clerk of the Court be directed to close this case.

23         These findings and recommendations will be submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

25  after being served with these findings and recommendations, either party may file written

26  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

27  Findings and Recommendations."

28  ////

1        The parties are advised that failure to file objections within the

2  specified time may result in waiver of the right to appeal the district court's order.  Martinez v.

3  Ylst, 951 F.2d 1153 (9th Cir. 1991).

4  Dated:  December 12, 2023

5

6                                       _____

7                               DEBORAH BARNES
                             UNITED STATES MAGISTRATE JUDGE

8

9

10  DB:15
    DB/DB Prisoner Inbox/Civil Rights/S/cox2523.vac.fr.ls

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28